**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILMER LOPEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>SAMUEL LOPEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JUAN LOPEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JOSE MARTINEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>MARCOS PORTILLO<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>EDGAR SARAVIA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>SRH, INC.<br>d/b/a MR. GEE'S CAR-VAN WASH<br>6315 Georgia Avenue NW<br>Washington, DC 20011<br><br>DAMAN HUNDAL, LLC<br>6315 Georgia Avenue NW<br>Washington, DC 20011<br><br>SUKHWANT SUKHJIT HUNDAL<br>9278 Blu Steel Way<br>Lorton, VA 22079 | Civil Action No. _____<br><br>**<u>COMPLAINT</u>** |

RAJINDER HUNDAL
a/k/a RAJINDER KAUR
9278 Blu Steel Way
Lorton, VA 22079

DAMANBIR HUNDAL
a/k/a DAMAN HUNDAL
a/k/a DAMON HUNDAL
9278 Blu Steel Way
Lorton, VA 22079

      Defendants.

# COMPLAINT

1.     Defendants employed Plaintiffs as laborers at their Washington, DC car wash. Defendants engaged in numerous unlawful pay practices with respect to Plaintiffs.

2.     Defendants: (a) paid Plaintiffs hourly rates below the minimum wage, (b) did not pay Plaintiffs overtime wages, (c) did not pay Plaintiffs for all of their hours worked, and (d) withheld 5% of Plaintiffs' pay "for taxes—" but did not turn these withholdings over to the relevant taxing authorities.

3.     Plaintiffs bring this action to recover damages for Defendants' failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*

4.     Plaintiffs bring this action to recover damages for Defendants' failure to pay for all hours worked, as well as Defendants' withholding of a portion of Plaintiffs' pay, in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

5.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because the corporate Defendants reside in this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

**Parties**

7.      Plaintiffs are adult residents of the District of Columbia.

8.      Defendant SRH, Inc. is a District of Columbia corporate entity. It does business as Mr. Gee's Car-Van Wash ("Mr. Gee's"). Its principal place of business is located at 6315 Georgia Avenue NW, Washington, DC 20011. Its registered agent for service of process is Simon M. Osnos, 2440 Virginia Avenue NW, Apartment D-1304, Washington, DC 20037.

9.      Defendant Daman Hundal, LLC is a District of Columbia corporate entity. Its principal place of business is located at 6315 Georgia Avenue NW, Washington, DC 20011. Its registered agent for service of process is Simon M. Osnos, 2440 Virginia Avenue NW, Apartment D-1304, Washington, DC 20037.

10.     Defendant Sukhwant Sukhjit Hundal is an adult resident of Virginia. He resides at 9278 Blu Steel Way, Lorton, VA 22079. He is an owner and officer of Defendants SRH, Inc. and Daman Hundal, LLC. He exercises control over the operations of Mr. Gee's — including its pay practices.

11.     Defendant Rajinder Hundal is an adult resident of Virginia. She is also known as Rajinder Kaur. She resides at 9278 Blu Steel Way, Lorton, VA 22079. She is an owner and

officer of Defendants SRH, Inc. and Daman Hundal, LLC. She exercises control over the operations of Mr. Gee's — including its pay practices.

12. Defendant Damanbir Hundal is an adult resident of Virginia. He is also known as Daman Hundal. He resides at 9278 Blu Steel Way, Lorton, VA 22079. Upon information and belief, he is an owner and officer of Defendants SRH, Inc. and Daman Hundal, LLC. He exercises control over the operations of Mr. Gee's — including its pay practices.

13. Sukhwant Hundal and Rajinder Hundal are husband and wife.

14. Damanbir Hundal is the son of Sukhwant Hundal and Rajinder Hundal.

15. Under the management of the Hundal family, Defendants SRH, Inc. and Daman Hundal, LLC are operated as though they were one business entity.

**Factual Allegations**

16. Defendants operate Mr. Gee's, located at 6315 Georgia Avenue NW, Washington, DC 20011.

17. All of the Plaintiffs have worked at Mr. Gee's since before January 1, 2015.

18. At the time of the filing of this complaint, Plaintiffs Wilmer Lopez, Samuel Lopez, Jose Martinez, and Edgar Saravia still work at Mr. Gee's.

19. Plaintiffs Juan Lopez and Marcos Portillo were fired from Mr. Gee's on approximately December 30, 2017.

20. Plaintiffs' job duties have primarily consisted of washing, vacuuming, drying, and detailing cars.

21. At all relevant times, Mr. Gee's has typically and customarily operated during the following hours:

|           | Open Time  | Close Time | Hours |
|-----------|------------|------------|-------|
| Monday    | 8:30 a.m.  | 6:00 p.m.  | 9.5   |
| Tuesday   | 8:30 a.m.  | 6:00 p.m.  | 9.5   |
| Wednesday | 8:30 a.m.  | 6:00 p.m.  | 9.5   |
| Thursday  | 8:30 a.m.  | 6:00 p.m.  | 9.5   |
| Friday    | 8:00 a.m.  | 6:30 p.m.  | 10.5  |
| Saturday  | 8:00 a.m.  | 6:30 p.m.  | 10.5  |
| Sunday    | 8:00 a.m.  | 4:30 p.m.  | 8.5   |

22. When customer demand is high, Mr. Gee's typically extends its hours of operation.

23. During their employment, Plaintiffs have typically and customarily worked 6 days a week for Mr. Gee's.

24. During their employment, Plaintiffs typically and customarily have had only one day of rest per week — on either Monday, Tuesday, Wednesday, Thursday, or Sunday.

25. During their employment, Plaintiffs have typically and customarily worked between 50 and 60 hours a week for Mr. Gee's.

26. Defendants have never provided Plaintiffs with a formal and fixed lunch break during their workday. Even when the car wash did not have a customer, Defendants have required Plaintiffs to clean the premises and to remain on call. To the extent Plaintiffs ate, they typically and customarily have done so while working or while on call.

27. Despite this, Defendants often deducted 1 – 2 hours per day of "break" from from Plaintiffs' pay. Plaintiffs were not paid for approximately 8 hours of work per workweek.

28. At all relevant times, Defendants paid Plaintiffs by the hour.

29. During the three years prior to filing this complaint, Defendants have paid Plaintiffs approximately the following gross hourly rates:

| Plaintiff | Approximate Dates | Hourly Rates |
|---|---|---|
| Wilmer Lopez | Jan. 01, 2015 – Jul. 02, 2017 | $9.00 |
| | Jul. 03, 2017 – Jul. 16, 2017 | $11.50 |
| | Jul. 17, 2017 – present | $11.00 |
| Samuel Lopez | Jan. 01, 2015 – Jul. 02, 2017 | $10.00 |
| | Jul. 03, 2017 – Jul. 16, 2017 | $11.50 |
| | Jul. 17, 2017 – present | $11.00 |
| Juan Lopez | Jan. 01, 2015 – Jun. 28, 2015 | $8.50 |
| | Jun. 29, 2015 – Jun. 26, 2016 | $9.00 |
| | Jun. 27, 2016 – Jul. 02, 2017 | $10.00 |
| | Jul. 03, 2017 – Jul. 16, 2017 | $11.50 |
| | Jul. 17, 2017 – Dec. 30, 2017 | $11.00 |
| Jose Martinez | Jan. 01, 2015 – Jan. 01, 2017 | $9.00 |
| | Jan. 02, 2017 – Jul. 02, 2017 | $9.50 |
| | Jul. 03, 2017 – Jul. 16, 2017 | $11.50 |
| | Jul. 17, 2017 – present | $11.00 |
| Marcos Portillo | Jan. 01, 2015 – Jul. 02, 2017 | $9.00 |
| | Jul. 03, 2017 – Jul. 16, 2017 | $11.50 |
| | Jul. 17, 2017 – Dec. 30, 2017 | $11.00 |
| Edgar Saravia | Jan. 01, 2015 – Jul. 02, 2017 | $9.00 |
| | Jul. 03, 2017 – Jul. 16, 2017 | $11.50 |
| | Jul. 17, 2017 – present | $11.00 |

30. However, Defendants withheld 5% of Plaintiffs' gross pay "for taxes—" but did not turn these withholdings over to the relevant taxing authorities. On information and belief, Defendants simply pocketed the 5%.

31. Defendants typically and customarily paid Plaintiffs partly in cash and partly by check.

32. At all relevant times, Plaintiffs typically worked more than 40 hours per workweek for Defendants.

33. At all relevant times, Defendants paid Plaintiffs their regular hourly rates across all hours worked.

34. Defendants did not pay Plaintiffs overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of 40 in a workweek.

35. In addition to not paying overtime wages, Defendants did not pay Plaintiffs the applicable minimum wage. The D.C. minimum wage was $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017 and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

36. For Plaintiffs' work in the three years preceding the filing of this Complaint, Defendants owe Plaintiffs approximately the following amounts of regular, minimum, and overtime wages (excluding liquidated damages):

| Plaintiff | Amount Owed (Excludes Liq. Damages) |
| --- | --- |
| Wilmer Lopez | $42,743.95 |
| Samuel Lopez | $37,810.00 |
| Juan Lopez | $40,083.18 |
| Jose Martinez | $42,226.00 |
| Marcos Portillo | $41,936.15 |
| Edgar Saravia | $41,600.10 |
| **Total** | **$246,399.38** |

37. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

38. At all relevant times, Defendants Sukhwant Hundal, Rajinder Hundal, and Damanbir Handal have tendered Plaintiffs their pay.

39. At all relevant times, Defendants Sukhwant Hundal, Rajinder Hundal, and Damanbir Handal have signed Plaintiffs' paychecks

40. At all relevant times, Defendants Sukhwant Hundal, Rajinder Hundal, and Damanbir Handal have decided Plaintiffs' rates of pay.

41. At all relevant times, Defendants Sukhwant Hundal, Rajinder Hundal, and Damanbir Handal have controlled Plaintiffs' work schedule.

42. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

43. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

44. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

45. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

46. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

47. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

48. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

49. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

50. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

51. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

52. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

53. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

8

54. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

55. Defendants' violations of the FLSA were willful.

56. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

57. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

58. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

59. The DCMWA required that employers pay non-exempt employees at least $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, $11.50 per hour from July 1, 2016 through June 30, 2017 and $12.50 per hour from July 1, 2017 through the present. D.C. Code § 32-1003(a).

60. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

61. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

62. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

63. Defendants' violations of the DCMWA were willful.

64. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

65. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

66. Each Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

67. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

68. Defendants violated the DCWPCL by not compensating Plaintiffs for approximately 8 hours of work per week.

69. Defendants violated the DCWPCL by wrongfully deducting money from Plaintiffs' pay.

70. Defendants' DCWPCL violations were willful.

71. For their DCWPCL violations, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328*, *LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages").

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**1,002,229.02**, and grant the following relief:

a. Award Plaintiffs $985,597.52, consisting of the following overlapping elements:

  i. unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

  ii. unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

  iii. unpaid wages, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $16,231.50);

d. Award Plaintiffs court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: February 7, 2018                     Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ Justin Zelikovitz